UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>          v.<br><br>WILLIAM ROBERT SIMPKIN,<br><br>                    Defendant. | No.  4:15-CR-6015-EFS<br><br>**PRELIMINARY ORDER OF FORFEITURE** |

Before the Court, without oral argument, is the United States Attorney's Office's (USAO) Motion for Entry of a Preliminary Order of Forfeiture, ECF No. 47.  Having reviewed the pleadings and the file in this matter, the Court is fully informed and grants the motion.

Accordingly, **IT IS HEREBY ORDERED**:

1. USAO's Motion for Entry of a Preliminary Order of Forfeiture, **ECF No. 47**, is **GRANTED**.
2. As the result of the guilty plea to Count 1 of the Indictment for which the USAO sought forfeiture pursuant to 18 U.S.C. § 2253, Defendant William Simpkin shall forfeit to the United States any and all personal property facilitating the commission of the offense, Possession of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B).

PRELIMINARY ORDER OF FORFEITURE- 1

3. Based on the Defendant's plea agreement, the following assets, seized by the Federal Bureau of Investigation, are subject to forfeiture pursuant to 18 U.S.C. § 2253, and the Government has established the requisite nexus between such assets described below, and such offenses:

- Dell laptop computer, serial number HKBN3S1; and
- Maxtor hard drive, serial number B40VCCKH.

4. Upon the entry of this Order, the United States Attorney General (or a designee) is authorized to seize the above-listed assets subject to forfeiture, whether held by the Defendant or by a third party, and to conduct any discovery proper in identifying, locating or disposing of the property subject to forfeiture, in accordance with 18 U.S.C. § 2253 and Federal Rule of Criminal Procedure 32.2(b)(3).

5. Upon entry of this Order, the United States is authorized to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Order.

6. Pursuant to 21 U.S.C. § 853(n), the United States will post notice of this Order on the official government internet site (www.forfeiture.gov) for at least 30 consecutive days. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of

PRELIMINARY ORDER OF FORFEITURE- 2

      the Preliminary Order of Forfeiture, as a substitute for posted internet notice as to those persons so notified.

7. Any person, other than the above-named Defendant, asserting a legal interest in the above-listed property may, within thirty (30) days of the final posting of notice, or receipt of notice, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his alleged interest in the above-listed property, and for an amendment of the order of forfeiture, pursuant to Federal Rule of Criminal Procedure 32.2(6) and 21 U.S.C. § 853(n).

8. Any petition filed by a third party asserting an interest in the above-listed property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in said property, the time and circumstances of the petitioner's acquisition of the right, title or interest in said property, and any additional facts supporting the petitioner's claim and the relief sought.

9. After the disposition of any motion filed under Federal Rule of Criminal Procedure 32.2(c) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

10. The United States shall have clear title to the above-listed property following the Court's disposition of all

PRELIMINARY ORDER OF FORFEITURE- 3

      third-party interests, or, if none, following the expiration of the period provided 21 U.S.C. § 853(n)(2), for the filing of third party petitions.

**11.** Pursuant to Federal Rule of Criminal Procedure 32.2(b)(4)(A) and (B), this Preliminary Order of Forfeiture is final as to the Defendant at the time of sentencing, and is made part of the sentence and included in the judgment.

**12.** The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel and the U.S. Probation Office.

**DATED** this   1st   day of December 2015.

                            s/Edward F. Shea
                             EDWARD F. SHEA
              Senior United States District Judge